U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR 2 7 2014

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OLIN RAY NOWLIN,                    §
                                    §
                 Petitioner,        §
                                    §
v.                                  §        No. 4:14-CV-212-A
                                    §
WILLIAM STEPHENS, Director,[1]      §
Texas Department of Criminal        §
Justice, Correctional              §
Institutions Division,              §
                                    §
                 Respondent.        §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Olin Ray Nowlin, a state

prisoner incarcerated in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against

William Stephens, Director of TDCJ, respondent.  No service has

issued upon respondent.  After having considered the pleadings,

state court records, and relief sought by petitioner, the court

has concluded that the petition should be summarily dismissed as

successive.

_____

[1]William Stephens succeeded Rick Thaler as the Director of
the Correctional Institutions Division of the Texas Department of
Criminal Justice.  Pursuant to Rule 25 of the Federal Rules of
Civil Procedure, Director Stephens "is automatically substituted
as a party."  Fed. R. Civ. P. 25(d).

## I.   FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a life sentence on his 1998 state court conviction for aggravated sexual assault of a child under 14 years of age in Tarrant County, Texas, Case No. 0628183D. TDCJ's Offender Information Detail, *available at* http://www.tdcj. state.tx.us/offender_information.  Petitioner has filed two prior federal petitions pursuant to § 2254 challenging the same conviction in this court. *Nowlin v. Cockrell*, Civil Action No. 4:00-CV-1728-A (denied on Aug. 28, 2001); *Nowlin v. Thaler*, Civil Action No. 4:04-CV-949-Y (dismissed as a successive petition).[2] Petitioner brings this third petition based on alleged newly discovered evidence.

## II.   SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[3]  The Court

─────────────

[2]The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

(continued...)

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).

---

[3](...continued)
respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  Claims based on newly discovered evidence or a factual predicate not previously discoverable are successive.  *Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

A district court has no jurisdiction to decide a second or successive claim on the merits without authority from the appropriate Court of Appeals.  28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a

4

certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED March 27, 2014.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE